UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY DESHAWN HARRIS, JR.,

　　　　　Petitioner,

　v.

NICOLE MORRISEY O'DONNELL,

　　　　　Respondent.

CASE NO. 2:23-CV-424-BHS-DWC

ORDER DENYING REQUEST FOR COURT APPOINTED COUNSEL

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Currently pending in this action are Petitioner Timothy Deshawn Harris, Jr.'s three Motions for Court-Appointed Counsel. Dkts. 12, 13, 14. The Court previously denied Petitioner's request for Court-appointed counsel on May 3, 2023. Dkt. 10.

As the Court has stated, there is no right appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required or such appointment is necessary for the effective utilization of discovery procedures. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983);

Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*

    Here, the Court does not find Court-appointed counsel is warranted at this time. Respondent has not filed a response to the Petition. There is currently no good cause for granting leave to conduct discovery; thus, counsel is not necessary to effectively utilize discovery. Further, the Court has not determined an evidentiary hearing is required. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Moreover, Petitioner effectively articulated his grounds for relief raised in the Petition and the motions for counsel, the grounds are not factually or legally complex, and Petitioner has not shown he is likely to succeed on the merits of this case. *See* Dkts. 1-1, 12-14. Thus, Petitioner has not shown the interests of justice require the Court to appoint counsel at this time.

    As Petitioner has not shown appointment of counsel is appropriate, the Motions for Appointment of Counsel (Dkts. 12, 13, 14) are denied without prejudice. Petitioner should not seek Court-appointed counsel until after Respondent has filed a response to the Petition.

    Dated this 8th day of June, 2023.

David W. Christel
Chief United States Magistrate Judge