UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY DESHAWN HARRIS, JR.,

    Petitioner,

  v.

JERI BOE,

    Respondent.

CASE NO. C23-424 BHS

ORDER

THIS MATTER is before the Court on Magistrate Judge David W. Christel's Report and Recommendation (R&R) Dkt. 27, recommending that the Court deny pro se Petitioner Timothy Harris's 28 U.S.C.§ 2254 habeas petition, deny a Certificate of Appealability under 28 U.S.C. § 2253(c), and dismiss the case. It concludes that the state court's adjudication of the two grounds raised in Harris's petition was not contrary to, nor an unreasonable application of, clearly established federal law. Dkt. 27 at 17–18.

In 2017, Harris was charged with rape in the first degree and robbery in the first degree. He represented himself in the first trial and was convicted. His conviction was reversed, based on a jury instruction error. On remand, the King County Superior Court set a trial date of September 9, 2020. Harris again sought to represent himself and, after a

ORDER - 1

*Faretta* colloquy regarding the charges, the potential penalties, and the rules he would have to follow, the trial court found Harris's request equivocal, and denied his motion. *See* Dkt. 27 at 2.

Harris's appointed attorney sought two short continuances to review the evidence from the first trial and to prepare for the second. Harris again sought to proceed pro se and, after a different judge held an "abbreviated" *Faretta* colloquy about the risks of doing so, that judge granted Harris's motion. Harris sought to have the case dismissed for a speedy trial violation, and the state court denied his motion. Harris agreed to a bench trial, and he was again convicted and sentenced to a minimum of 147 months on the rape count and a concurrent sentence of 54 months on the robbery count. Harris's conviction was affirmed on direct appeal. *Id*. at 3 (citing *State v. Harris*, 23 Wn. App. 1036 (2022)).

In March 2023, Harris filed his § 2254 habeas petition, asserting that the state violated his right to a speedy trial and that the colloquy before his motion to represent himself was constitutionally deficient. Dkt. 9 at 7 ("The trial court's colloquy was inadequate.").

The R&R concludes that Harris's first ground does not support habeas relief because the violation of a state court speedy trial rule (60 days in Washington) is not cognizable as a federal habeas action. Dkt. 27 at 5 (citing *Estelle v. McGuire*, 5012 U.S. 62 67-68 (1991)). Like the state court of appeals, the R&R also rejects Harris's claim that his trial date violated the Sixth Amendment under *Doggett v. U.S.*, 505 U.S. 647, 651 (1992). Dkt. 27 at 6. The R&R concludes that the delay (from September 9, 2020, to January 25, 2021) was not uncommonly long. *Id*. at 9. It concludes that, because most of

ORDER - 2

the delay was at Harris's counsel's request, the government was not "more to blame" for it. *Id*. For the same reason, the R&R concludes that Harris did not assert his right to a speedy trial after his motion to represent himself was denied. *Id*. at 10. And it concludes that Harris was not prejudiced by any delay.

Harris contends he was forced to represent himself and waive his right to a jury, but he was not forced to do either of those things. Harris repeatedly sought to represent himself, and even after his attorney properly waived the 60-day speedy trial period so he could prepare, Harris continued to seek a fast trial date. The fact that he was tried by a judge and not a jury was the result of this decision, in the height of the COVID-19 pandemic (January 2021). *Id*. Harris alone elected to proceed with a bench trial.

The R&R also concludes that the *Faretta* colloquy associated with the state trial court ultimately granting Harris's motion to represent himself was not constitutionally deficient. While that specific colloquy was abbreviated, Harris had already been fully and recently apprised of his rights and the risks associated with self-representation weeks earlier, when the same motion was denied after a full colloquy, based on Harris's equivocation. Dkt. 27 at 11–16 (citing Dkt. 24-1, *Harris*, 23 Wash. App. 1036 at 20–28).

The Washington Court of Appeals addressed this argument in detail, and rejected it. *Id*. It noted that Harris had represented himself at his first trial, where he was convicted. *Id*. He had been sentenced after that first trial to the same sentence that he complained on appeal he did not understand. He filed multiple waiver-of-counsel forms that confirmed he was aware of the maximum penalties he faced, and he was told by the court and his then-attorney of the statutory maximum penalties he faced if convicted. *Id*.

ORDER - 3

Harris objects to the R&R, asserting it is "proof that the system is corrupt." Dkt. 28 at 1. He asserts that anything over 70 days is uncommonly long and unconstitutional. *Id*. at 1–2. He asserts that he was prejudiced because the delay allowed the prosecutor time to tamper with the audio evidence and other witnesses. *Id*. His objections do not address at all the R&R's rejection of his *Feretta* claim. *Id*.

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). Objections to an R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the magistrate judge. *See, e.g.*, *Fix v. Hartford Life & Accident Ins. Co.*, CV 16-41-M-DLC-JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases).

Harris's objections are not unlike his prior arguments, and they are not persuasive.

The R&R is **ADOPTED**. Harris's § 2254 petition is **DENIED** and the case is **DISMISSED**. The Court will not issue a Certificate of Appealability.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

//

//

//

Dated this 5th day of January, 2024.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5